United States District Court
Southern District of Texas
**ENTERED**
September 28, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MARCUS DAVIS, | § | CIVIL ACTION NUMBER |
| Plaintiff, | § | 4:24-cv-02253 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| DISA GLOBAL SOLUTIONS, | § | |
| INC, *et al*, | § | |
| Defendants. | § | |

**ORDER ADOPTING**
**MEMORANDUM, RECOMMENDATION, AND ORDER**

This action concerns the administration and reporting of results of a drug test to Plaintiff Marcus Davis by Defendants Disa Global Solutions and University MRO, LLC. Dkt 20 at ¶¶7–9, 19–21. After a positive test result for methamphetamine, DISA updated the status of Plaintiff to "Inactive." Dkt 75-1 at 44, 46. After that update, Plaintiff's employer told him not to come to work, and an employment offer was revoked. Dkt 20 at ¶43. Plaintiff sued for fraud, tortious interference with business relations, negligent misrepresentation, defamation, civil conspiracy, and violations of the fair credit reporting act and 42 USC §1981. Id at ¶¶47–103.

Prior order granted motions by Defendants to dismiss claims with respect to fraud, tortious interference, civil conspiracy, and §1981, which were dismissed with prejudice. Dkt 39; see Dkts 25, 26 & 27.

Pending is a motion by Defendants DISA Global Solutions, Inc, and University MRO, LLC, for summary judgment on the remaining claims of (i) negligent misrepresentation, (ii) defamation, and (iii) FCRA claims.

Dkt 75. Also pending are objections and a motion by Defendants to strike certain evidence. Dkt 85.

The matter was referred for disposition to Magistrate Judge Yvonne Y. Ho. Dkt 76. In her ruling under review here, she (i) ordered that the objections by Defendant be sustained in part, and (ii) recommends that the motion for summary judgment be granted and that claims by Plaintiff be dismissed with prejudice. Dkt 93 at 23. Plaintiff filed timely objections. Dkt 94. Defendants responded. Dkt 95.

*As to objections with respect to Plaintiff's motion to strike objections*, it is a non-dispositive matter subject to review only for clear error. See FRCP 72(a) & 28 USC §636(b)(1)(A); see also *Landmark American Ins Co v Port Royal by the Sea Condominium Owners Association Inc,* 619 F Supp 3d 719, 721 (SD Tex 2022): "A ruling on a motion to strike evidence is a nondispositive matter within the magistrate judge's discretion."

Plaintiff contends that the Magistrate Judge erred in finding evidence of subsequent negative test results irrelevant. Dkt 94 at 4–6. He also contends that the Magistrate Judge erred in excluding supporting articles to challenge the validity of the positive test as inadmissible hearsay. Id at 6.

Such objections lack merit under review for clear error. The Magistrate Judge thoroughly and thoughtfully considered, and rejected, these arguments in the Memorandum and Order. Dkt 93 at 10–13. She observed that "whether the test itself was accurate is not an element of any pending claim." Id at 11. And so, she correctly concluded that the negative test results are irrelevant because they do not make more or less probable whether Defendants falsely or inaccurately *reported* the results of the test. Ibid. She also correctly concluded that since the expert designation window had expired, the articles would not be admissible at trial, thus making them hearsay without an exception. Id at 12–13.

*As to objections with respect to summary judgment*, it is a dispositive matter subject to *de novo* review. See FRCP

72(b)(3) & 28 USC §636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there is no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Plaintiff contends that the Magistrate Judge erred when reviewing his FRCA and defamation claims. Dkt 94 at 7–12. Among other things, he argues that that the "inactive" designation falsely conveyed that he is a drug user which is "a gist that is false." See id at 11. He also contends that the test was misleading in a way that affected employment decisions. Id at 8.

Such objections lack merit on *de novo* review. The Magistrate Judge thoroughly and thoughtfully considered, and rejected, such arguments in the Memorandum and Recommendation. Dkt 93 at 18–23. She correctly stated that a consumer must produce evidence of inaccuracy in the report. Id at 22. And she observed that Plaintiff hasn't raised a genuine dispute as to whether Defendants had accurately reported the results of the drug test. Ibid. She thus correctly concluded that summary judgment was warranted on the FCRA claim as Plaintiff failed to establish a *prima facie* case under §1681e(b). Id at 22–23. She further observed that Plaintiff presented no evidence that the concededly true statement by Defendant created an untrue or misleading implication. Id at 19–20. She thus concluded that, since the statement is undisputedly true, it serves as a complete defense to defamation. Id at 18–20 citing *Randall's Food Markets, Inc v Johnnson,* 891 SW2d 640, 646 (Tex 1995).

No clear error otherwise appears upon review and consideration of the Memorandum, Recommendation, and Order, the record, and the applicable law.

* * *

The objections by Plaintiff Marcus Davis to the Order and to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 94.

The Memorandum, Recommendation, and Order of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 93.

The motion by Defendants Disa Global Solutions and University MRO, LLC, for summary judgment is GRANTED. Dkt 75.

The remaining claims of Plaintiff Marcus Davis are DISMISSED WITH PREJUDICE.

This case is DISMISSED WITH PREJUDICE.

SO ORDERED.

Signed on September 28, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge